24-2294-cv
Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges.*

------------------------------------------------------------------

CAPRICORN MANAGEMENT
SYSTEMS, INC.,

      *Plaintiff-Counter-Defendant-Appellant,*

    v.                                No. 24-2294-cv

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, CCC
INTELLIGENT SOLUTIONS INC.,

      *Defendants-Counter-Claimants-Appellees,*

CHARLES M. SILBERSTEIN,

*Counter-Defendant.*

---------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | RICHARD C. SCHOENSTEIN (David J. Pfeffer, Matthew S. De La Torre, *on the brief*), Tarter, Krinsky & Drogin LLP, New York, NY |
| FOR DEFENDANT-APPELLEE GEICO: | MATTHEW J. RICCIARDI, (Douglas M. Garrou, Kevin S. Elliker, *on the brief*), Hunton Andrews Kurth LLP, Washington, DC |
| FOR DEFENDANT-APPELLEE CCC: | TIMOTHY B. HARDWICKE (Andrew Q. Tonelli, *on the brief*), GoodSmith Gregg & Unruh LLP, Chicago, IL |

Appeal from a partial final judgment of the United States District Court for the Eastern District of New York (Denny Chin, *Circuit Judge*, sitting by designation).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the partial final judgment of the District Court is AFFIRMED, and the appeal is otherwise DISMISSED.

2

Plaintiff Capricorn Management Systems, Inc. ("Capricorn") appeals from a July 31, 2024 partial final judgment certified by the United States District Court for the Eastern District of New York (Chin, *Circuit Judge,* sitting by designation) under Federal Rule of Civil Procedure 54(b). The Rule 54(b) order certified for appellate review the District Court's order partially granting summary judgment in favor of the Defendants, Government Employees Insurance Company ("GEICO") and Auto Injury Solutions, Inc. ("AIS"), on Capricorn's claims of breach of contract, conversion, and misappropriation of trade secrets. Because AIS has since merged with CCC Intelligent Solutions Inc. ("CCC"), which has replaced AIS as a party, we refer to the Defendants-Appellants simply as "GEICO" and "CCC." As to the dismissed claims, we conclude that the issues raised are sufficiently distinct from the claims and counterclaims that remain to be tried as to support this Court's exercise of appellate jurisdiction. *See Novick v. AXA Network, LLC,* 642 F.3d 304, 311 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I. Breach of Contract

Capricorn first argues that the District Court erred in granting summary judgment in favor of GEICO on its claim that GEICO breached the parties' 2005 non-disclosure agreement ("NDA"). The parties dispute whether GEICO breached the 2005 NDA by sharing information about the Supercede system with CCC—for example, by showing CCC some fields associated with the Supercede software. Under Maryland law, which the parties agree governs the NDA, we "ascertain the intent of the parties in entering the agreement" and "interpret the contract in a manner consistent with that intent." *Credible Behav. Health, Inc. v. Johnson*, 220 A.3d 303, 310 (Md. 2019) (alteration accepted) (quotation marks omitted). The 2005 NDA bars Capricorn and GEICO from disclosing to third parties "Confidential Information," which the NDA defines in the following "Whereas" paragraph:

> WHEREAS, [Capricorn] wishes to provide certain products and/or services to or develop material for GEICO the provision or development of which may require that the parties disclose to each other or provide each other with access to certain confidential and proprietary information of the other . . . including, without limitation, information relating to such party's . . . operations, technology or systems, whether oral, written, electronic or in any medium whatsoever ("Confidential Information")[.]

App'x 64.

4

Capricorn contends that this language means that "*all* of [its] 'operations, technology or systems'" constituted "Confidential Information" and that "[t]he whole point of the NDA was to cover everything."  Appellant's Br. 27 (emphasis added).  We disagree.  "Confidential Information" within the meaning of the NDA plainly covers only information that the parties treat as their own "confidential and proprietary" information.  App'x 64.  Thus, it is not *any* information.  Capricorn's proposed definition would render that contractual language unnecessary, an outcome that Maryland contract law disfavors.  *See JMP Assocs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 693 A.2d 832, 834 (Md. 1997).  And Capricorn does not point us to any evidence that the parties treated descriptions or demonstrations of the Supercede system's functions as "confidential" within the "ordinary and accepted meaning" of the word when they entered into the 2005 NDA.  *Landaverde v. Navarro*, 189 A.3d 849, 860 (Md. 2019) (quotation marks omitted).  Nor did Capricorn adduce evidence that in the nearly two decades that it licensed Supercede to GEICO prior to the 2005 NDA, the parties intended to keep Supercede's functions a secret.  We therefore affirm the District Court's judgment insofar as it granted summary judgment dismissing the breach of contract claim.

## II.     Common Law Conversion

Capricorn also challenges the District Court's grant of summary judgment on Capricorn's claim of common law conversion under New York law.  A plaintiff alleging the tort of conversion under New York law must prove that the defendant exercised control over the plaintiff's property "to [his] exclusion." *Oliver v. Boone*, 149 N.Y.S.3d 24, 25 (1st Dept. 2021) (quotation marks omitted); *see Thyroff v. Nationwide Mut. Ins. Co.*, 8 N.Y.3d 283, 288–89 (2007).  It is undisputed, however, that Capricorn possesses copies of Supercede.  Capricorn responds that GEICO possesses the sole "master copy" of Supercede and that this satisfies the requirement that the defendant have control to the plaintiff's exclusion.  While there is record evidence that the parties referred to GEICO's copy of Supercede as the "master copy," Capricorn failed to adduce evidence that GEICO's "master copy" of Supercede differs in any way from Capricorn's copies to defeat summary judgment on this claim.  Nor did it adduce evidence that CCC ever exercised control over any copy of Supercede.  We therefore affirm the District Court's judgment insofar as it granted summary judgment on Capricorn's conversion claim against GEICO and CCC.

6

### III. Misappropriation Claims

Capricorn next contends that the District Court erred when it dismissed its trade secret misappropriation claims brought under both the Defend Trade Secrets Act, 18 U.S.C. § 1836(b), and the Maryland Uniform Trade Secrets Act, Md. Code Ann., Com. Law §§ 11-1201 *et seq.* Under both the federal and state acts, information constitutes a trade secret only if it "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by," other persons. 18 U.S.C. § 1839(3)(B); *see* Md. Code Ann., Com. Law § 11-1201(e)(1). "[A] claimant bears the burden of identifying a purported trade secret with sufficient specificity." *Syntel Sterling Best Shores Mauritius Ltd. v. The TriZetto Grp., Inc.*, 68 F.4th 792, 800 (2d Cir. 2023); *see* Restatement (Third) of Unfair Competition § 39 cmt. d.

Capricorn asserts that Supercede is a trade secret both "as a whole" and with respect to its "underlying module[s] and methods." Appellant's Br. 41 (quotation marks omitted); *see also* Appellant's Br. 44. But this vague description fails to "separate [the] trade secrets" that Supercede purportedly contains "from the other [non-trade secret] information that goes into [Capricorn's] software package." *Syntel*, 68 F.4th at 801 (quotation marks omitted). The Supercede

functionalities that Capricorn describes, such as the ability to "send information back and forth" or generate "flags, reports, [and f]orms" from GEICO's data, are common to many computer programs. Appellant's Br. 43 (quotation marks omitted). Capricorn has not pointed us to evidence that these isolated functions are not readily ascertainable within the insurance software industry. *See* 18 U.S.C. § 1839(3)(B); Md. Code Ann., Com. Law § 11-1201(e)(1). For these reasons, we find no error in and therefore affirm the District Court's grant of summary judgment dismissing Capricorn's misappropriation of trade secret claims.

## IV. Expert Witnesses

Last, Capricorn argues that the District Court erred when it precluded Capricorn's experts from testifying at trial. To the extent it may facilitate the resolution of the remaining claims before the District Court, we note that the experts did not submit reports as required by Federal Rule of Civil Procedure 26(a)(2). However, we lack appellate jurisdiction to consider this challenge because the District Court did not certify its expert witness preclusion order in its partial final judgment.

## CONCLUSION

We have considered Capricorn's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the partial final judgment of the District Court is AFFIRMED, and the appeal is otherwise DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court